## ABEL W. BAKER & WIFE v. JOSEPH HASKELL.

One heir may maintain an action against another heir to recover damages for his exclusion from the realty during the time the ancestor's estate was in process of administration in the insolvent course, if the administrator never had possession of the realty, and the debts have all been paid by the sale of other property and the administrator's account has been settled.

But, since the statute of 1862, one third part of the rents and profits of land of which the ancestor died seized go to the ancestor's widow until dower is assigned, and the heir who has had exclusive possession is entitled to deduct one third from the damages otherwise recoverable by his co-heir.

THE questions in this case arose upon the report of a referee. That part of the report which is material to an understanding of the points is as follows: " I find that the plaintiff, Mary Baker, being the wife of the other plaintiff, Abel W. Baker, was in her own right a cotenant with the defendant, Joseph Haskell, each of an undivided eighth part of the real estate described in the plaintiffs' declaration, from April 18, 1865, to the date of plaintiffs' writ, subject to a right of dower (not set off) of their mother, widow Ruth Haskell, in said real estate, and that the defendant held the exclusive possession and income of said real estate, against the will and without the consent of the plaintiffs', from the latter part of May, 1865, to February, 1868. I find one eighth part of the full amount of damage occasioned by said exclusive occupation of said real estate by the defendant, for the above time, to be $34.01, with interest thereon, from April 1, 1868. The defendant's plea was the general issue.

The defendant objected that no recovery could be had by the plaintiffs in this case, because said real estate was part of the estate of J. Haskell, deceased, which was then under administration as an insolvent estate, and that the title of the heirs was suspended, and no suit lies for

the heir, but only in favor of the administrator, whose administration account was not settled till after the occupation of the defendant ceased.

. The defendant also objected that the widow had an interest, and defendant is liable to her for one third of the profits while he so occupied the premises, which must be considered on the question of damages.

Upon these questions, I find that J. Haskell, the father, died April 18, 1865, intestate, seized of the real estate described in the declaration, leaving a widow and eight children who were his heirs at law—the plaintiff, Mary Baker, and the defendant, Joseph Haskell, being two of the children. J. Haskell's estate was represented insolvent on May 16, 1865, and was administered in the insolvent course. His personal estate being insufficient to pay all his debts, the balance was paid by sale of other of his real estate. The administrator paid the taxes of one year on the real estate in question, and charged them in his account, which was settled in the probate court in May, 1868, and has done nothing else about that real estate. The widow's dower in that real estate has not been set off, nor has she received any thing on account of the rents and profits thereof during the period in question in this case.

If, upon the above facts, the court should be of opinion that one third of the rents and profits belonged to the widow so as not to be recoverable in this suit, then I find the one-eighth part of the full amount of the damages occasioned by defendant's occupation as aforesaid to be $22.67, with interest from April 1, 1868.

Judgment is to be rendered upon this report according to the opinion of the court upon the law of the case.

*Cushing, Woodward & Wellington* for plaintiffs.

*Wheeler & Faulkner* for defendants.

SMITH, J. As we understand it, the estate of Joseph Haskell, Senior, though administered in the insolvent form, was in fact solvent. The debts appear to have been paid without resorting to a sale of this real estate and without taking the rents and profits of the same. The administrator's account has been settled; no mention is made of any attempt to charge him for the rents; and the time for appeal has now expired. It does not appear that the administrator makes any objection to this action, nor that he has ever taken actual possession of these premises or prevented any of the heirs from taking the yearly income.

If Mrs. Baker cannot maintain this action it will be necessary, in order that she may receive her due, that the administrator should bring a suit against this defendant, recover the annual profits which in fact are not needed for the purposes of administration, and then go through the form of settling another administration account before he pays over the plaintiff's share. We see no practical good to be accomplished by compelling the plaintiff to seek this roundabout method, nor any harm likely to result from permitting her to recover in this action. If an estate, though settled in the insolvent course, is in fact solvent, the title of the heirs is better than that of any one who does not claim under

the administrator; and if the administrator has never chosen to assert his right, and it has become manifest that there will be no occasion for him to do so, the heirs may fairly be allowed to assert their rights.

The object of the legislation entitling the administrator to receive the rents and empowering him to bring suits respecting the realty was to protect the rights of creditors, not to harass the heirs or allow them none but dilatory or expensive remedies; and, under the circumstances of this case, the spirit of the statute is not violated by allowing the plaintiff to recover directly the rents which it is apparent are not needed for the payment of debts, for which purpose they originally constituted a reserve fund.

In *Lane* v. *Thompson*, 43 N. H. 320, there is (on p. 325) a *dictum* which may be cited for the defendant, but the observations of Eastman, J., in *Plumer* v. *Plumer*, 30 N. H. 558, p. 566–7, tend to support plaintiff's action.

It is unnecessary to consider here the remedies of heirs when the debts have not all been paid, or when the administrator's account is still unsettled; nor what the result would have been, if, after the commencement of this action, the administrator had brought a suit to recover the rents and profits, and the defendant had pleaded that suit in bar of the further maintenance of this action.

By the statute of 1862 (P. L., ch. 2599), re-enacted in General Statutes, ch. 183, sec. 15, the widow is entitled to one third of the profits from the time her husband died until dower is assigned. The plaintiff is entitled to recover only one eighth of two-thirds of the rents and profits.

Judgment for plaintiff for $22.67 and interest.